United States District Court
Southern District of Texas
**ENTERED**
June 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Robert Lee Clark, Jr., § § Petitioner, § § v. § § Bobby Lumpkin, § Director, Texas Department § of Criminal Justice, Correctional § Institutions Division, § Respondent. § | Civil Action H-20-1709 |

# Report and Recommendation

Robert Lee Clark, Jr. has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a parole revocation proceeding. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time barred.

## 1. Background

On September 2, 1992, Robert Lee Clark, Jr., was arrested on the felony charge of theft in Harris County, Texas. (D.E. 11-3 at 130.) He pleaded guilty on August 9, 1993, and was sentenced to twenty-five years in the Texas Department of Criminal Justice (TDCJ). *Id.* at 129, 133.

Clark was first released on parole on April 23, 2001. (D.E. 11-3 at 56.) In February 2008, Clark was arrested for misdemeanor assault. *Id.* at 58. His parole was revoked on May 7, 2008. *Id.* at 59. According to the Parole Division, Clark was not subject to "street-time" credit and was considered to be out of custody for six years, five months, and eleven days under Texas Government Code § 508.283(c). *Id.* at 57. Accordingly, the maximum expiration date of Clark's full sentence was adjusted to February 2024.

Clark was again released on parole on February 3, 2010. (D.E. 11-3 at 108.) In March 2016, Clark was arrested on charges of engaging in organized criminal activity and evading arrest. *Id.* at 96. On August 25, 2016, Clark was sentenced to five years in custody of TDCJ on the two new offenses. *Id.* at 98, 103. Following a hearing before the parole board, Clark's parole was again revoked on October 4, 2016. *Id.* at 113. Under Texas Government Code § 508.283(c), Clark forfeited six years, two months, and twenty-two days of street time credit. *Id.* at 58.

Clark filed his federal petition for writ of habeas corpus on May 12, 2020. (D.E. 1 at 10.) Clark claims that his 25-year sentence was unlawfully extended by six years without due process. He also asserts that his ability to earn good-time credit was unlawfully changed. He asks the court to recredit him for lost street time and to restore his good-time credit.

2. *Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Claims predicated on parole decisions fall under subsection (d)(1)(D), so generally the limitations period would begin when the factual predicate of the claim could have been discovered. *Goodwin v. Dretke*, 150 F. App'x 295, 298 (5th Cir. 2005). When parole is revoked, a person may be required to serve the remaining portion of their sentence without credit for the time they were released on parole. Tex. Gov't Code Ann. § 508.283(c). Clark could have thus discovered the factual predicate of his claims when his parole was revoked on May 7, 2008, and on October 4, 2016. Absent tolling, the one-year limitations period ended on May 7, 2009, for Clark's first parole revocation and on October 4, 2017, for Clark's second parole revocation.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). When a person challenges the calculation of their sentence, the filing of an administrative Time Dispute Resolution Form also tolls the AEDPA limitations period the duration of pendency. *Clifford Earl Henry, TDCJ #372077 v. Stephens*, No. CV H-14-3697, 2015 WL 9302845, at *2 (S.D. Tex. Dec. 18, 2015).

Clark filed his state habeas petition on April 12, 2018. (D.E. 11-3 at 5–22.) Because this was filed after the one-year limitations period had passed, statutory tolling does not apply. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (finding no statutory tolling where

3

a state habeas petition was filed after AEDPA's limitations period expired). Clark filed three Time Dispute Resolution Forms:

- June 19, 2008, resolved on August 27, 2008;
- September 21, 2009, resolved on January 29, 2010; and
- December 2, 2016, resolved on December 7, 2016.

(D.E. 11-3 at 61.) The 2008 Time Dispute Resolution Form was the only form filed within the limitations period applicable to Clark's first parole revocation. Because it was resolved after 70 days, it extended the limitations period of Clark's first parole revocation through July 16, 2009. The 2016 Time Dispute Resolution Form was the only form filed within the limitations period applicable to Clark's second parole revocation. Because it was resolved in six days, it extended the limitations period of Clark's second parole revocation through October 10, 2017.

Clark filed his federal habeas petition on May 12, 2020, outside of the AEDPA statute of limitations for both revocations. No other statutory provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

### 3. Equitable Tolling

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). To warrant tolling, a petitioner must also demonstrate that they diligently pursued their rights despite the extraordinary circumstances that stood in their way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

There is no evidence to suggest that equitable tolling should apply. In response to the question on the petition form seeking information about why the petition is late, Clark states that statutory tolling should apply. He does not address equitable tolling. Equitable tolling does not apply.

*4. Conclusion*

The court recommends that Lumpkin's motion for summary judgment be granted and that Clark's petition for writ of habeas corpus be dismissed with prejudice as time barred.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 7, 2021.

_____
Peter Bray
United States Magistrate Judge